Case 4:25-cv-06383   Document 5   Filed 01/09/26 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
January 14, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JHON ALEXANDER BLAS PUERTO, | § | |
| Petitioner, | § § § | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-06383 |
| KRISTI NOEM, | § § § | |
| Respondent. | § § | |

## MEMORANDUM AND ORDER

Petitioner, Jhon Alexander Blas Puerto, has filed a petition for habeas corpus under 28 U.S.C. § 2241, seeking to reopen his removal proceedings. (Doc. No. 1). After considering the pleadings, the Court concludes that this case must be dismissed without prejudice for lack of jurisdiction.

### I. BACKGROUND

Petitioner is currently in custody of the United States Immigration and Customs Enforcement ("ICE") at the Joe Corley Processing Center in Conroe, Texas. *Id.* at 1. Petitioner challenges a removal order entered on August 10, 2023, *in absentia*. *Id.* at 5. He alleges that his motion to reopen should be granted because he could not appear for his immigration hearing in August 2023 because he was recuperating from surgery. He filed a motion to reopen removal proceedings which was denied on December 22, 2025. *Id.* at 2. Petitioner seeks to reopen his removal proceedings.

## II. DISCUSSION

Petitioner claims that he was removed *in absentia* in error because he was recuperating from surgery at the time he was supposed to appear in immigration court in 2023 and disagrees with the denial of his motion to reopen that was filed in 2025. This Court lacks jurisdiction to consider a challenge to an order of removal under the REAL ID Act of 2005, codified as amended at 8 U.S.C. § 1252(a). This statute makes a petition for review to the applicable circuit court of appeals the "sole and exclusive means of judicial review" for orders of removal:

> Exclusive Means of Review — Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e). For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

8 U.S.C. § 1252(a)(5). The REAL ID Act "divested district courts of jurisdiction over removal orders and designated the courts of appeals as the sole forums for such challenges via petitions for review." *Moreira v. Mukasey*, 509 F.3d 709, 712 (5th Cir. 2007) (citing 8 U.S.C. § 1252(a)(5)). Because the REAL ID Act precludes jurisdiction over petitions of the sort filed in this case, the Court has no authority to consider the proposed claims concerning Petitioner's removal order or his motion to reopen his removal proceedings.

Accordingly, Petitioner's claims concerning his removal order must be dismissed without prejudice for lack of jurisdiction.

### III. ORDER

Based on the foregoing, the Court **ORDERS** that the petition (Doc. No. 1) is **DISMISSED** without prejudice for lack of jurisdiction.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED on this 9th day of January 2026.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE